UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| v. | § § | Case No. 4:22-CR-350 |
| VERSIE PHILLIP SEGERS, | § § | |
| *Defendant.* | § § | |

# Order

Defendant Versie Phillip Segers ("Defendant") is under indictment for threatening to kill the Chief Justice of the Supreme Court of the United States, an Associate Justice of the Supreme Court, and the President of the United States. Indictment, ECF No. 5. Pending before the Court is the Government's motion for competency examination and hearing pursuant to 18 U.S.C. §§ 4241(a)–(b), 4247(b)–(c), seeking a psychiatric evaluation of Defendant conducted in-patient at a Bureau of Prisons ("BOP") facility under the custody of the Attorney General of the United States. Motion, ECF No. 11.[1]

On August 12, 2022, the Court had scheduled a hearing on the Government's motion. At that hearing, defense counsel conceded that Defendant may not be able to assist in his defense. Minute Entry (8/12/22). Nonetheless, Defendant opposed

---

[1] Defendant filed a response to the Government's motion. Resp., ECF No. 15.

1

going forward on the competency motion before the Court held a detention hearing and urged that the competency examination could be conducted on an out-patient basis. The parties agreed to reschedule the hearing until August 17, during which the Court would hear evidence on both motions, competency and detention. *Id.*

Immediately prior to the August 17 hearing and at the hearing, defense counsel withdrew his opposition to going forward on the competency hearing, agreed to defer the detention hearing, and did not oppose temporarily committing Defendant for the psychiatric evaluation. Because Defendant did not oppose the motion, the Government asked the Court to rule based on the facts as asserted in the motion without the need to present evidence. Defendant did not oppose recitation of the facts as detailed in the motion. Having considered the parties' filings, the argument of counsel, and the applicable law, the Court finds that the Government's motion for competency examination and hearing, ECF No. 11, should be granted. Therefore, the determination of whether to detain or release Defendant is deferred.

I. **THE GOVERNMENT'S MOTION FOR COMPETENCY EVALUATION AND HEARING**

The Government moved for a competency evaluation, after which the Court would conduct a hearing on competency, pursuant to 18 U.S.C. §§ 4241(a) & (b), 4247(b) & (c). ECF No. 11. The Government requested Defendant be committed to the custody of the Attorney General for a period not exceeding thirty days, to allow for a full, thorough competency evaluation. *Id.*

Section 4241 provides as follows:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rending him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a). Prior to the hearing, the Court may order that a psychiatric or psychological examination of the defendant be conducted, and that the examiner prepare a report for the court, pursuant to §§ 4247(b) and (c). *Id.* § 4241(b).

Section 4247(b) provides:

> A psychiatric or psychological evaluation ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. For purposes of [a mental competency] examination pursuant to an order under section 4241, . . . the court may commit the person to be examined for a reasonable period, but not to exceed thirty days . . . to the custody of the Attorney General for placement in a suitable facility.

18 U.S.C. § 4247(b).

The court, however, does not have unfettered discretion to order such a commitment, and its discretion is subject to due process requirements. *United States v. Neal*, 679 F.3d 737, 740 (8th Cir. 2012). "A person accused of a crime should not . . . be deprived of personal liberty unless his confinement is reasonably necessary to assure his presence at trial or to protect some other important governmental

3

interest." *In re Newchurch*, 807 F.2d 404, 408-09 (5th Cir. 1986); *see United States v. Deters*, 143 F.3d 577, 583–84 (10th Cir. 1998) (affirming district court order committing defendant where there was a legitimate concern that an outpatient exam presented the risk that defendant would not appear for trial and could have led to further delay). The Fifth Circuit has held that "a district court should not exact such a deprivation of liberty" unless there is "some evidence that commitment is necessary." *In re Newchurch*, 807 F.2d at 410. After hearing the evidence, the court "should make findings of fact concerning the need for commitment to the custody of the Attorney General." *Id.* at 412.

After the defendant has been examined, the examining psychiatrist or psychologist's report for the court shall include: (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4247(c).

**A. The Current Charges and Mental Competency Facts.**

Presently, Defendant has been indicted on four counts relating to voicemails he left at the United States Supreme Court threatening to kill President Joe Biden,

4

Chief Justice John Roberts, and Associate Justice Ketanji Brown Jackson. Indictment, ECF No. 5. From a review of the messages he left on May 12 and June 1, 2022, there can be little doubt that mental illness played a role in his voicemails. ECF No. 11 at 3-5 (containing transcriptions of the messages).

In June and July 2022, United States Secret Service agents interviewed Defendant. At that time, he admitted to suffering from a mental illness. His mother also explained that Defendant is not taking his medication to treat his mental illness, which she believed was the cause of his problems. ECF No. 11 at 6.

**B. Prior Charges and Mental Competency Facts.**

This is not the first time that the United States has requested a competency examination and hearing for Defendant. In 2017, Defendant was indicted on two counts for violation of Protection of Property Occupied by Foreign Governments in the United States District Court for the District of Columbia. Indictment, *United States of America v. Versie Segers*, No. 1:17-cr-00224-KBJ (D.D.C. Nov. 16, 2017), ECF No. 5. At that time, Defendant had travelled to Washington, D.C. In one day, he threw a burning package over the fence into the Malaysian Embassy's grounds and broke a window at the Austrian Embassy. Compl. Aff., *United States of America v. Versie Segers*, No. 1:17-cr-00224-KBJ (D.D.C. Nov. 6, 2017), ECF No. 1-1 at 1. On the Government's motion, the district court ordered that Defendant be committed to undergo a full mental competency evaluation. Order, *United States of America v.*

5

*Versie Segers*, No. 1:17-cr-00224-KBJ (D.D.C. Nov. 21, 2017), ECF No. 7. After the examination was completed, the court held a competency hearing. Based on the record, including the report of the examining psychiatrist, the court found that Defendant, having been medicated, was competent to stand trial. Memo. & Order, *United States of America v. Versie Segers*, No. 1:17-cr-00224-KBJ (D.D.C. Feb. 23, 2018), ECF No. 16.[2]

### C. Additional Facts Regarding Mental Competency.

In addition to the D.C. charges in 2017, the uncontroverted facts detailed in the Government's motion establish that Defendant has a history of violent outbursts.

For the past several years, Defendant has lived with his mother. ECF No. 11 at 6. She has not been able to control him enough to ensure that he takes his medication. *Id.* In December 2020, Defendant was arrested for misdemeanor assault of his mother. *Id.* At the time of the assault, Mrs. Segers stated that he was not taking his medication and as a result punched her. *Id.*

After the current incident, on July 8, 2022, Mrs. Segers told Secret Service agents that she "should never have taken him back." *Id.* She repeatedly pleaded for the agents to involuntarily commit Defendant. *Id.* During those interviews,

---

[2] Defendant ultimately pled guilty and was sentenced to time served. Plea Agreement, *United States of America v. Versie Segers*, No. 1:17-cr-00224-KBJ (D.D.C. Mar. 13, 2018), at ECF No. 24; Judgment, *United States of America v. Versie Segers*, No. 1:17-cr-00224-KBJ (D.D.C. Mar. 16, 2018), ECF No. 27.

Defendant told Secret Service agents that he has been hospitalized dozens of times over the last 10-15 years. *Id.*

Only a few days later, on July 17, 2022, Mrs. Segers called the police after Defendant experienced a "manic episode" and threw glassware and dishware around the house. *Id.* She was in fear of her son. *Id.* Law enforcement took Defendant to HCA Clearlake Hospital where he was put on a 72-hour involuntary hold. *Id.* While at the hospital, Defendant again made calls to the Supreme Court. *Id.* at 7.

### D. Mental Competency Evaluation and Commitment.

Based on these uncontested facts, the Court finds that there is reasonable cause to believe that a mental competency examination is warranted under 18 U.S.C. § 4241(a) & (b). Thus, a psychiatrist must examine Defendant to determine his competency to stand trial. Having determined that a mental competency examination is warranted, the Court must determine whether to commit Defendant to the custody of the Attorney General for placement in a suitable facility. *Id.* § 4247(b).

The benefit of an in-custody evaluation is that BOP psychiatrists and psychologists will be able to observe the defendant over the course of the 30-day evaluation period. The 30-day in-custody evaluation will likely be more comprehensive than an out-patient evaluation, ensuring the Court's confidence. Because BOP psychiatrists and psychologists are experienced in conducting competency examinations, they are familiar with patients similarly situated. This

expertise allows the Court to rely on their opinions when considering the results of their examinations. *See United States v. Zhou*, 428 F.3d 361, 380 (2d Cir. 2005) (holding that a district court evaluating competency may reasonably "rely on the expertise of a forensic psychologist associated with the [BOP]" who is "presumably familiar with patients similarly situated").

In addition, an in-custody evaluation will ensure Defendant's appearance at the competency hearing. At the time of the last hearing, Defendant was unable to produce a third-party custodian or any suitable living arrangement if he were to be released, weighing in favor of postponing the detention hearing. This same factor weighs in favor of an in-custody evaluation.

## CONCLUSION

Therefore, it is **ORDERED** that Defendant be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4247(b) for a period not to exceed 30 days for placement in the nearest suitable facility for a competency examination. The examination shall be conducted by a licensed or certified psychiatrist and/or psychologist. The examiner shall prepare a report and shall file it under seal with the Court and provide copies to the Assistant Federal Public Defender, counsel for Defendant, and to the Assistant United States Attorney, counsel for the Government. The report shall include:

1. Defendant's history and any present mental health symptoms relevant to his legal competency;

2. A description of the psychiatric, psychological, and medical tests that were employed and their results;

3. The examiner's findings;

4. The examiner's opinions as to diagnosis and prognosis; and

5. Whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

It is further **ORDERED** that the United States Marshal shall transport Defendant to the nearest designated facility for the examination.

It is further **ORDERED** that, until such time as Defendant is found competent to stand trial, any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" will be excluded pursuant to 18 U.S.C. § 3161(h)(1)(A) in computing time for all purposes and calculations under the Speedy Trial Act.

It is further **ORDERED** that, pursuant to 18 U.S.C. § 3161(h)(1)(F), any delay resulting from Defendant's transportation between this district and the nearest suitable facility for examination in excess of 10 days shall not be excluded under the Speedy Trial Act; accordingly, the Court directs that, given Defendant's mental fragility and the restrictions of the Speedy Trial Act, the United States Marshals Service makes every effort to transfer Defendant promptly and directly to and from the nearest suitable facility, without intermediate stops or holdovers.

It is further **ORDERED** that 10 days from the entry of this Order, and every 10 days thereafter until Defendant arrives at the suitable facility, counsel for the Government shall file a progress report concerning the status of Defendant with respect to his transportation to the nearest suitable facility.

It is further **ORDERED** that the parties appear for a competency hearing on Monday, October 2, 2022, at 1:30 p.m. before Judge Palermo.

It is further **ORDERED** that the determination of whether to detain or release Defendant is stayed pending determination of his competency to stand trial at the October 2, 2022, hearing. In the event Defendant is found competent, the Court will conduct a detention hearing at that time.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on August 19, 2022.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**