United States District Court
Southern District of Texas
**ENTERED**
January 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| v. | § § | Case No. 4:22-CR-350 |
| VERSIE PHILLIP SEGERS, | § § § | |
| *Defendant.* | § § § | |

## MEMORANDUM AND OPINION

Defendant Versie Phillip Segers ("Defendant") is under indictment for threatening to kill the Chief Justice of the Supreme Court of the United States, an Associate Justice of the Supreme Court, and the President of the United States. Indictment, ECF No. 1. Before the Court is the issue of Defendant's competency to stand trial.[1] On January 6, 2023, the Court held a hearing to determine whether the Defendant is competent to stand trial. Based on a thorough consideration of the hearing, the parties' representations, and the applicable law, the Court finds that Defendant is not competent to stand trial *at this time*.[2]

---

[1] On July 22, 2022, the district judge to whom this case is assigned referred the United States' motion for competency examination and hearing to the undersigned. *See* 28 U.S.C. § 636.

[2] The Fifth Circuit has not addressed whether a magistrate judge is authorized to finally determine a defendant's competency to stand trial under 18 U.S.C. § 4241. Although the determination of the competency of a criminal defendant may be a dispositive issue when no further rehabilitation can be anticipated, *see United States v. Porras*, 2006 WL 1652612 at *3 (D. Ariz. June 13, 2003),

I. **BACKGROUND**

On July 21, 2022, Defendant was indicted in the Southern District of Texas, Houston Division, and charged with four counts of Threat by Interstate Communication, in violation of 18 U. S. C. § 875(c). After the initial appearance and before the detention hearing, the United States filed a motion for competency examination, seeking an in-custody competency evaluation after which the Court would conduct a hearing on competence, pursuant to 18 U.S.C. §§ 4241 (a) & (b), 4247 (b) & (c). Motion, ECF No. 11. After two hearings, on August 19, 2022, the Court ordered an in-custody evaluation of Defendant's present competency to stand trial pursuant to 18 U. S. C. § 4241. Order, ECF No. 18 at 7. Specifically, the Court requested the examiner's evaluation and opinion regarding whether Defendant is suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist counsel properly in his defense. *Id*. at 9.

Defendant arrived at the Federal Medical Center ("FMC") in Fort Worth,

---

in this instance, the experts opined that rehabilitation is anticipated. Thus, treatment and detention are only temporary, and this is not a final determination of competency. This Court has the authority to issue an order on temporary detention for rehabilitation. *See United States v. Doshier*, CR-090-042-RAW, 2009 WL 2230789, *n.1 (E.D. Ok. June 23, 2009) (explaining magistrate judge authority to determine competency, including after indictment when the issue must be resolved before the case is presented to the district judge, as when the defendant still must be arraigned). Here, the determination of Defendant's competency was raised before the detention hearing. ECF No. 11. Neither party questioned the Court's authority to conduct the competency hearing, both parties agree to Defendant's continued temporary detention, and the district judge may reopen the question of competency at any time. *Id.*

Texas on August 31, 2022. After an initial period of quarantine, Defendant's mental health evaluation began on September 5, 2022, and was completed on October 19, 2022. On November 14, 2022, Samuel Browning, Ph.D. and John Robert Jones, M.A. issued a psychological evaluation report (the "Competency Report"), reflecting their opinion regarding competency based on their evaluation of Defendant. Competency Report at 2-11, ECF No. 28. Their findings were based on interviews with Defendant, as well as interviews with correctional staff, unit team staff, and Health Services staff at the Federal Medical Center, Fort Worth, Texas. *Id.* at 2. Dr. Browning and Mr. Jones also conducted psychological testing of Defendant that included the Structured Inventory of Malingered Symptomology ("SIMS"), the Minnesota Multiphasic Personality Inventory-3 ("MMPI-3"), and the Evaluation of Competency to Stand Trial – Revised ("ECST-R"). *Id.*

Dr. Browning and Mr. Jones reviewed Defendant's records, including the Order for Psychological Evaluation August 19, 2022, the criminal docket for United *States v. Segers*, 4:22-CR-350 July 21 through August 24, 2022, Federal Bureau of Prisons Mental Health Records from December 13, 2017 through October 28, 2022, Federal Bureau of Prisons Medical Records from December 13, 2017 through October 31, 2022, National Crime Information Center ("NCIC") Report October 25, 2022, Forensic Competency Evaluation FCI Butner January 29, 2018, Southeast Mental Health Adult Clinic progress notes from June 1, 2021

through March 28, 2022, voicemail transcripts for various dates United States Attorney Alamdar Shabbir Hamdani produced in discovery, and voicemail audio from June 1, 2022. ECF No. 28 at 3.

Based upon review of the documents and information from the interviews, Dr. Browning and Mr. Jones found that:

> Mr. Segers appears to be experiencing symptoms associated with Schizoaffective Disorder. The defendant is exhibiting symptoms associated with deficits in rational understanding of his legal circumstances and related problems in his ability to rationally consult with his attorney. These deficits have caused the defendant to conceptualize his criminal case on the basis of his delusions and to think through his decisions within this non-reality-based framework.

*Id.* at 11.

They further found that:

> Prognosis is considered fair to positive. Mr. Segers currently expresses delusions and is experiencing both auditory and visual hallucinations. Previous medical records suggest Mr. Segers complies with medications while incarcerated and suggests he displays improvement in symptoms with psychotropic intervention. Mr. Segers was compliant with medications throughout his evaluation period at FMC Fort Worth and appears willing to continue medication intervention, which may significantly improve his competency over time.

*Id.*

While recognizing that the determination of competency is a decision for the Court, the evaluators concluded that, based on Defendant's prognosis and available history information, "it appears that Mr. Segers may be able to attain

competency to stand trial following treatment at a Federal Medical Center within the Federal Bureau of Prisons, under Title 18, United States Code, Section 4241(d), for a reasonable period of time, not to exceed 120 days." *Id.*

## II. LEGAL STANDARD

"[T]he Constitution does not permit trial of an individual who lacks 'mental competency.'" *Austin v. Davis*, 876 F.3d 757, 778 (5th Cir. 2017) (quoting *Indiana v. Edwards*, 554 U.S. 164, 170 (2008)); *United States v. Mitchell*, 709 F.3d 436, 439 (5th Cir. 2013) ("Convicting a legally incompetent person violates due process"). Competency is a question of fact. *Austin*, 876 F.3d at 778.[3] To declare a defendant incompetent to stand trial, a district court must find "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). "Once the defendant's competency has been called into question, the burden is on the prosecution to show by a preponderance of the evidence that the defendant is competent to stand trial." *United*

---

[3] Although some courts have stated that the question of competency is a mixed question of law and fact on which the court sits as factfinder, *see, e.g., United States v. Brockman*, No. 4:21-CR-9, 2022 WL 1631809, at *4 (S.D. Tex. May 23, 2022) (citing *United States v. Makris*, 535 F.2d 899, 907–08 (5th Cir. 1976)), the Fifth Circuit has explained that, under its rule of orderliness, one panel of the Fifth Circuit may not overturn another panel's decision absent an intervening change in the law. *Austin*, 876 F.3d at 778 (Owen, C. J.). Thus, under the rule of orderliness, an earlier panel decision controls and competency is a question of fact. *Id.*

*States v. Moghaddam*, 299 Fed. Appx 418, 419 (5th Cir. 2008) (citing *United States v. Makris*, 535 F.2d at 906).

"Competency requires more than factual orientation and recollection." *United States v. Gray*, No. CR H-15-060-1, 2017 WL 908561, at *2 (S.D. Tex. Mar. 7, 2017) (citing *Dusky v. United States,* 80 S. Ct. 788, 789 (1960) (per curiam)). A defendant "is only competent to stand trial if: (1) 'he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and (2) 'he has a rational as well as factual understanding of the proceedings against him.'" *Green v. Davis*, 479 F.Supp.3d 442, 480-81 (S.D. Tex. Aug. 18, 2020) (quoting *Dusky*, 80 S. Ct. 788). Moreover, "'a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial.'" *Mitchell*, 709 F.3d at 439 (quoting *Drape v. Missouri,* 95 S. Ct. 896, 903 (1975)).

"A district court can consider several factors in evaluating competency, including, but not limited to, its own observations of the defendant's demeanor and behavior; medical testimony; and the observations of other individuals that have interacted with the defendant." *United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011). A defendant is competent where he has "the present ability to consult with his lawyer with a reasonable degree of rational understanding and [has] a rational as well as factual understanding of the proceeding against him." *Id*.

### III. THE COURT FINDS THAT DEFENDANT IS NOT MENTALLY COMPETENT TO STAND TRIAL AT THIS TIME.

The Court held an evidentiary hearing to determine Defendant's competence to stand trial. The uncontroverted evidence shows that Defendant is "experiencing symptoms associated with Schizoaffective Disorder." ECF No. 28 at 11. According to the evaluators, those symptoms impair Defendant's "rational understanding of his legal circumstances" and "ability to rationally consult with his attorney." *Id*.

At the August 12, 2022 hearing on the Government's motion for competency examination, defense counsel conceded that Defendant may not be able to assist in his defense. Order, ECF No. 18 at 1 (citing Minute Entry 8/12/22). Subsequently, immediately before and during the second competency examination hearing on August 17, defense counsel dropped his opposition to the Government's motion for competency examination and temporarily committing Defendant for the psychiatric evaluation. *Id.* at 2. Counsel further agreed to postpone the detention hearing until competency was determined. *Id.*

After receiving the Competency Report, the Court held a status conference with counsel, Minute Entry 12/20/22, and then held an evidentiary competency hearing, Minute Entry 1/6/23. Defendant did not object to the Competency Report and the evidentiary hearing proceeded based on the Competency Report alone without live testimony from witnesses. At the competency hearing on January 6, 2023, both the Government and Defendant's counsel agreed on the record that Defendant is currently incompetent to stand trial. Because "legal competency is

primarily a function of defendant's role in assisting counsel in conducting the defense, the defendant's attorney is in the best position to determine whether the defendant's competency is suspect." *Green*, 479 F.Supp.3d at 485 (citing *Aldridge v. Thaler*, No. H-05-608, 2010 WL 10503335, at *6 (S.D. Tex. Mar. 17, 2010) (quoting *Watts v. Singletary*, 87 F.3d 1282, 1288 (11th Cir. 1996)). Yet, an "attorney's opinion of his client's competency to stand trial is not dispositive." *Thaler*, 2010 WL 10503335, at *6. Likewise, evidence from expert witnesses comes with caveats, but mental-health experts who have personally examined the defendant carries greater weight and heightens the usefulness of their report in determining competence. *Id.* at 7. Thus, the court must carefully weigh the expert and lay evidence about a defendant's mental state in relation to the requisite legal standard. *Id.*

The expert evidence is consistent with the Court's observations from interactions with Defendant at his initial appearance and three subsequent hearings as well as the evidence supporting the Government's motion for competency hearing. *See Austin*, 876 F.3d at 779-80 (finding record well supported when trial court relied on its interactions with defendant in court, his letters to the court, his responses to the trial court's questions, the professional opinion of Dr. Brown who conducted the competency evaluation, and the opinion of defendant's counsel as to his competency); *Simpson*, 645 F.3d at 306 (trial court proceeded with utmost caution, holding five competency hearings, with four doctors finding defendant was

not mentally ill and the Federal Medical Center at Butner agreed with their conclusion, and considering defendant's admission about his refusal to cooperate with his attorneys).

The charges stem from voicemails Defendant left at the United States Supreme Court threatening to kill the President, the Chief Justice, and an Associate Justice. Indictment, ECF No. 1; ECF No. 11 at 3-5. From a review of the messages he left on May 12 and June 1, 2022, there can be little doubt, even to a layperson, that mental illness played a role in his voicemails. Order, ECF No. 18 at 5; ECF No. 11 at 3-5 (containing transcriptions of the messages). During the United States Secret Service's investigation, Defendant admitted to suffering from mental illness and his mother stated that he was not taking his medications to treat his illness, which she believed was the cause of his problems. Order, ECF No. 18 at 5; ECF No. 11 at 6.

As this Court previously noted when ordering the competency examination, this is not the first time the United States has requested a competency examination for Defendant. Order, ECF No. 18 at 5. Defendant was indicted on two counts for violation of Protection of Property Occupied by Foreign Governments in the United States District Court for the District of Columbia. *Id.* (citing Indictment, *United States of America v. Versie Segers*, No. 1:17-cr-00224-KBJ (D.D.C. Nov. 16, 2017), ECF No. 5). At that time, Defendant travelled to Washington, D.C. and threw a burning package over the fence into the Malaysian Embassy's grounds and then

broke a window at the Austrian Embassy. *Id.* (citing Compl., Aff., *United States of America v. Versie Segers*, No. 1:17-cr-00224-KBJ (D.D.C. Nov. 16, 2017), ECF No. 1-1 at 1). On the Government's motion, the district court ordered that Defendant be committed to undergo a full mental competency evaluation. *Id.* at 5-6 (citing Order, *United States of America v. Versie Segers*, No. 1:17-cr-00224-KBJ (D.D.C. Nov. 16, 2017), ECF No. 7). At the competency hearing, the court found that Defendant, having been medicated, was competent to stand trial based on the record, which included the report of the examining psychiatrist. *Id.* at 6 (citing Memo. & Order, *United States of America v. Versie Segers*, No. 1:17-cr-00224-KBJ (D.D.C. Nov. 16, 2017), ECF No. 16). In that case, because Defendant was compliant with his medication, he was rehabilitated to a level of competency to stand trial. *See also* ECF No. 28 at 11 (noting that "medical records suggest Mr. Segers complies with medications while incarcerated and suggests he displays improvement in symptoms with psychotropic intervention.").

The record at the hearing on August 17, 2022, established that Defendant has a history of violent outbursts, particularly when he is not taking his medication. Order, ECF No. 18 at 6-7. He also admitted to having a history of hospitalizations for his mental illness over the last 10-15 years. *Id.* at 7. During this evaluation, Defendant reported a reduction in psychotic symptoms when he is compliant with his medications. ECF No. 28 at 6-7. However, the evaluators observed that "[w]hile

medical records indicate he adhered to medications while hospitalized or incarcerated, he has been largely noncompliant upon release." *Id.* at 7.

Accordingly, the Court finds by a preponderance of the evidence that Defendant is presently suffering from a mental illness that has rendered him mentally incompetent to the extent that he is unable to assist properly in his defense at this time. ECF No. 28 at 8 ("Results suggested he is incompetent to proceed."). The Court also finds that, based on the experts' opinions, Mr. Segers may be able to attain competency once he undergoes treatment for a reasonable period. *Id.* at 11. Thus, the Defendant's treatment and consequent detention is expected to be temporary.

### IV. DEFENDANT'S COMMITMENT TO THE CUSTODY OF THE ATTORNEY GENERAL.

The Insanity Defense Reform Act requires that, once a court finds a defendant lacks the mental capacity to proceed to trial, the court must commit the defendant to the custody of the Attorney General. 18 U.S.C. § 4241(d) (stating that the court shall commit the defendant to the custody of the Attorney General upon consideration of sufficient evidence that the defendant is presently incompetent to stand trial); *see, e.g., United States v. Ferro*, 321 F.3d 756, 760–61 (8th Cir. 2003) (holding that while the district court has the discretion to deem a defendant incompetent, it does not have the discretion to determine whether the defendant will likely attain the capacity to stand trial prior to being committed to the custody of the Attorney General); *United States v. Shawar*, 865 F.2d 856, 860 (7th Cir. 1989) (interpreting

Congress's intent in drafting 18 U.S.C. § 4241 and holding, "[t]he plain meaning of this phrase is, and we hold it to be, that once a defendant is found incompetent to stand trial, a district judge has no discretion in whether or not to commit him."). Thus, because the Court has found that Defendant presently lacks the mental capacity to effectively assist his attorneys in preparing his defense, the Court must commit Defendant to the custody of the Attorney General.

## V. CONCLUSION

Therefore, it is **ORDERED** that Defendant be committed to the custody of the Attorney General where he shall be hospitalized for treatment in a suitable facility for such a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit the proceedings to go forward.

It is further **ORDERED** that, if it is determined that there is a substantial probability that, in the foreseeable future, Defendant will attain the capacity to permit the proceedings to go forward, Defendant's commitment will extend to such additional reasonable time until his mental condition is so improved that trial may proceed, or the pending charges against him are disposed of according to law, whichever is earlier.

It is further **ORDERED** that if, at the end of this period, it is determined that the Defendant's mental condition has not so improved as to permit the proceedings

to go forward, the Defendant shall be deemed subject to the provisions of 18 U.S.C. § 4246, which will require a further competency hearing.

It is further **ORDERED** that counsel will appear at a video status conference on May 8, 2023, at 1:00 p.m. to review Defendant's progress with his treatment. Defendant is not required to attend the hearing so that his treatment is not interrupted.

**IT IS SO ORDERED.**

Signed on January 23, 2023, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**